IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY ANDERSON HALPERIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| DRAWN TO DISCOVER, LLC an ) | |
| Illinois Limited Liability Company, and ) | |
| BRIAN T. GOODMAN, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

Plaintiff, Wendy Anderson Halperin, by her attorneys, Terry Rose Saunders and Patrick D. Lamb for her Complaint against Defendants, Drawn To Discover, LLC ("DTD") and Brian T. Goodman, states as follows:

1. Plaintiff brings this action for a declaration that Plaintiff is the sole owner of copyrights to video lesson plans that Plaintiff authored and were made available through DTD's website (the "Video Lesson Plans"). Defendants claim that, because D2D engaged third parties to edit the raw videos filmed by Plaintiff, the videos are a joint work and DTD is a joint owner of the copyrights. Additionally, Defendants refuse to allow DTD to be dissolved unless Plaintiff acknowledges that the videos are a joint work. There is an actual and justiciable controversy between the parties regarding Plaintiff's ownership of the copyrights to the Video Lesson Plans that DTD displayed on its website.

2. Although DTD is no longer a viable business, the controversy over copyright ownership has prevented the members of DTD from agreeing on a plan of dissolution. Plaintiff, therefore,

invokes this Court's supplemental jurisdiction and seeks a declaratory judgment dissolving DTD and authorizing the winding up of the business.

## THE PARTIES

3. Plaintiff Wendy Anderson Halperin ("Plaintiff") is, and was at all times relevant, a citizen of the State of Michigan and a Member of DTD.

4. Defendant Drawn To Discover, LLC ("DTD") is an Illinois Limited Liability Company incorporated in the State of Illinois with its principal place of business in Cook County, Illinois.

5. Defendant Brian T. Goodman ("Goodman") is a Member of DTD and was at all times relevant a citizen of the State of Illinois.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 1367(a) and the Copyright Act, 17 U.S.C. §101 *et seq.* In addition, this Complaint involves claims under the Declaratory Judgment Act, 28 U.S.C. §2201.

7. Venue in this District is proper as Defendants reside in this District and a substantial part of the events giving rise to the claim occurred here.

## FACTUAL BACKGROUND

8. Plaintiff is an accomplished artist and illustrator of more than 35 children's books and the creator of an innovative educational program that teaches young children to improve their reading and writing skills through drawing.

9. During the past 14 years, Plaintiff has single-handedly authored hundreds of copyrighted drawing and lesson plans for teaching children to read and write and has been developing, marketing and selling curriculum based on her copyrighted materials to a number of school districts located throughout the country through Drawing Children into Reading, Inc. ("DCIR"), a Michigan Not-for-

2

Profit 501(c)(3) corporation. Plaintiff's lesson plans are more than drawing lessons; they teach hand, eye and brain coordination critical to the cognitive development of children between 4 and 10 years old. Plaintiff has also developed complementary strategies to assist educators in implementing these lessons.

10. Defendant Goodman was impressed with the educational program Plaintiff had developed through DCIR and was interested in trying to market Plaintiff's lesson plans as an online service to educate parents and children through a for profit company that would support the efforts of Plaintiff's non-profit by designating a percentage of its profits to DCIR.

11. In 2016, Plaintiff along with Defendant Goodman and Samir Patel ("Patel"), a business colleague of Goodman's, formed DTD for the purpose of providing video lessons to be used in educating children, parents and educators on the Internet. Plaintiff had previously created a library of more than 600 video lessons for DCIR. DTD originally intended to use the video lessons in this library, but Plaintiff decided to refilm the video lessons for DTD to improve the video and/or audio quality of the lessons. At the time of the dispute, Plaintiff had refilmed 254 of these DCIR lesson plans for use as video lessons for DTD. Each of these Video Lessons was filmed solely by Plaintiff.

12. After Plaintiff refilmed the Video Lesson Plans, she provided these videos to DTD. Defendant Goodman and Patel, the other Members of DTD, hired two third parties to edit the raw videos that Plaintiff had made. The editing was done at Plaintiff's direction and included routine video editing work, such as removing background noise, to create a production quality video from raw footage. The contributions made by the third-party editors during the editing process did not include any content that could be considered individually copyrightable.

13. Additionally, at the onset of the editing project, a jingle was created and added as an independent, approximately five second introduction at the beginning of each 30-50 minute video

lesson. Plaintiff did not object to the addition of the introductory jingle as it was an independent and separable portion of each video and did not affect the lesson plan contained therein.

14. At no time during the filming or editing of the Video Lesson Plans did Plaintiff intend to be a joint author with Goodman, Patel, DTD, and/or the third-party editors or intend that any assistance provided by them would transform the videos she had authored into a "joint work" under federal copyright law, 17 U.S.C. §101. Indeed, the DTD website expressly states "[o]ur video programs were developed by Wendy Anderson Halperin, renowned children's book artist and author." No other individual is given credit for developing or making any other contribution to any video.

15. Defendants have nonetheless claimed joint authorship of the videos under federal copyright law and, on information and belief, represented to potential investors in DTD that the videos were jointly owned by DTD and Plaintiff.

16. When DTD was financially unable to maintain its website and provide materials to its subscribers, Defendants, without Plaintiff's knowledge or authorization, downloaded hundreds of the Video Lesson Plans on YouTube. After the dispute started and without Plaintiff's permission, Defendants also edited over 50 films that Plaintiff previously delivered to DTD in an apparent attempt to claim joint ownership of over 50 films that were never placed on the DTD website. Plaintiff was required to file claims of copyright infringement with YouTube to have these videos taken down.

**COUNT I**
**(CLAIM FOR DECLARATORY JUDGMENT REGARDING COPYRIGHT OWNERSHIP)**

17. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 16 as though fully set forth as paragraph 17 of this Count I.

18. Plaintiff Halperin claims the sole and exclusive ownership of the copyrights in the Video Lesson Plans that she created for DTD and that were edited by third party editors engaged by DTD.

19. Respondent Goodman, on behalf of DTD, claims, pursuant to 17 U.S.C. §101(a) of the Copyright Act, that the Video Lesson Plans are a "joint work" and, therefore, that DTD is a co-owner of the copyrights.

20. There is an actual and justifiable controversy between the parties regarding Plaintiff's ownership of the copyright to the Video Lesson Plans.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants on Count I as follows:

A. Declaring that Plaintiff Halperin is the sole and exclusive owner of the copyrights in the Video Lessons Plans;

B. Declaring that DTD is not a joint author of the Video Lesson Plans;

C. Declaring that the Video Lesson Plans are not a "joint work" within the meaning of the Copyright Act, 17 U.S.C. §101(a);

D. Awarding Plaintiff her costs and expenses and attorneys' fees as allowed by law; and

E. Awarding such other and further relief as the Court deems just and equitable.

## COUNT II
## (CLAIM FOR DECLARATORY JUDGMENT FOR DISSOLUTION OF DTD)

21. Plaintiff realleges and incorporates by reference the allegations of Paragraph 1 through 20 as though fully set forth as Paragraph 21 of this Count II.

22. The three other Members of DTD as of the date of the filing of this Complaint, Samir Patel, Amador Valenzuela and David C. Barrett, entered into a Settlement Agreement and Release with Plaintiff in consideration for being dismissed from the Declaratory Judgment suit for dissolution of DTD filed in the Circuit Court of Cook County and, as part of that Settlement, agreed to be bound by a Court ruling with respect to DTD's dissolution.

23. DTD's Members have acknowledged that dissolution is inevitable, but have been unable, or have refused and failed, to meet formally to adopt a Resolution to dissolve the company.

24. Defendant Goodman, who has had control over the contents and maintenance of the WEB site, failed to maintain it and ensure that its factual representations were accurate. For example, the customer support email returned an undeliverable response, the image hosting service was removed, the Website was taken down purportedly for "maintenance" and then was permanently taken down based on the claim it had been "hacked". For all intents and purposes, the WEB site has been nonfunctional for several months.

25. Plaintiff, however, was denied access to the DTD WEB site, social media sites, and subscriber lists to make accurate representations and changes necessary to reflect the status of DTD.

26. Despite knowing that DTD did not have the financial or customer support to continue and knowing of its operational problems, Defendant Goodman continued to solicit and sign up subscribers and to sell a product DTD could not deliver.

27. Defendant Goodman has refused to agree to terms of dissolution in order to maintain his claim of DTD's joint ownership of the copyrights to the Video Lesson Plans created by Plaintiff. An order of dissolution is therefore necessary and appropriate under the Illinois Limited Liability Company Act, 805 ILCS 180/35-1, as the business purpose of DTD has been frustrated, DTD is no longer viable as an Illinois Limited Liability Company and it is not practicable to continue the company's business as intended.

28. An actual and justiciable controversy between Plaintiff and Defendants exists as to the dissolution of DTD.

29. Pursuant to this Court's supplemental jurisdiction and the Declaratory Judgment Act, 28 U.S.C. S.2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and provisions of the DTD LLC Operating Agreement.

WHEREFORE, Plaintiff, Wendy Anderson Halperin, requests that the Court enter Judgment on Count II as follows:

A. Declaring DTD, LLC dissolved, authorizing Plaintiff to give Notice to any and all creditors and contracted entities of its Dissolution, and authorizing the winding up of the business pursuant to the Illinois Limited Liability Company Act.

B. Awarding such other and further relief as this Court deems just, equitable and appropriate.

    Wendy Anderson Halperin

    By: /s/Terry Rose Saunders
    One of the Attorneys for Plaintiff

Terry Rose Saunders
The Saunders Law Firm
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 444-9656
ARDC #2462877
tsaunders@saunders-lawfirm.com

Patrick D. Lamb
Plunkett Cooney, P.C.
221 N. LaSalle Street, Suite 1550
Chicago, Illinois 60601
312-670-6900
plamb@plunkettcooney.com