IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY ANDERSON HALPERIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2020 CV 07616 |
| | ) | |
| DRAWN TO DISCOVER, LLC, an | ) | Hon. Harry D. Leinenweber |
| Illinois Limited Liability Company, and | ) | |
| BRIAN T. GOODMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Reply in Support of Motion for Leave to File Instanter
<u>Omitted and Correct Rule 56.1 (a) Exhibits</u>**

Plaintiff moved for leave to file two exhibits that were identified and referred to in her Rule 56.1 Statement but were not filed with the Statement. The first, Plaintiff's Exhibit 12B, described in Paragraph 17 of Plaintiff's Statement, is a comparison of a clip from a video lesson Plaintiff filmed in 2014 with the same lesson she refilmed in 2018. The second, Plaintiff's Exhibit 26 (remarked in this motion as PX 26A), referenced in Paragraph 19 of Plaintiff's Statement, is an email Amador Valenzuela sent to Defendant Goodman in 2019. The exhibit filed as PX 26 was not the document referenced in Plaintiff's Statement. Defendants object only to the filing of PX 12B.

Defendants' objections to the filing of PX 12B are that (1) the motion is not timely and was filed in bad faith because Plaintiff knew of the omission on July 13, when Defendants filed their responsive papers, and waited until the due date of her Reply to file the motion; and that (2) Exhibit 12B is "a central issue in the credibility of the Plaintiff's Motion for Summary Judgment, without which summary judgment cannot be granted." Defendants claim that they will be prejudiced if the motion is granted.

Defendants have not presented grounds for denying Plaintiff leave to correct the record. Plaintiff's Counsel became aware that Exhibit 12B had been omitted while drafting Plaintiff's Reply to Defendants' Response to Plaintiff's Rule 56.1 Statement and reviewing Defendants' lengthy objection to Paragraph 17. If Defendants believe they have something further to say on this subject, Plaintiff has no objection to the Court's granting them leave to do so. Indeed, they could have done so in their objections to Plaintiff's Motion, rather than filing premature objections raising a spurious claim that Plaintiff's filing was a pretext and a disguised attempt at an extension of time to file her Reply. This claim is moot as Plaintiff filed her Reply on the due date of July 27.

Defendants' argument that Plaintiff should not be permitted to file PX 12 because the exhibit is crucial to the Court's granting summary judgment is remarkable. Defendants would thwart the Court's disposing of a case summarily and burden the Court with further unnecessary proceedings and the parties with unnecessary expenditures of time and money for no stated justifiable reason.

Rule 56 (c) and (f), which Defendants quote, does not govern this motion but makes clear that the Court may grant Plaintiff's motion for leave to file PX 12 and PX 26A instanter. For the reasons set forth above, Plaintiff requests that the Court grant Plaintiff's motion for leave to file instanter Plaintiff's Exhibits 12B and 26A in support of her motion for summary judgment.

    Respectfully submitted,

/s/     Patrick S. Lamb
Patrick D. Lamb
Plunkett & Cooney PC
221 North LaSalle Street, Ste. 3500
Chicago, IL 60601
(312) 670-6900
plamb@plunkettcooney.com

/s/     Terry Rose Saunders
Terry Rose Saunders
The Saunders Law Firm
120 North LaSalle Street, Ste. 2000
Chicago, IL 60602
(312) 444-9656
tsaunders@saunders-lawfirm.com
*Attorneys for Plaintiff*

Date: August 4, 2023

## **CERTIFICATE OF SERVICE**

      I certify that, on August 4, 2023, I caused a copy of the foregoing document to be served on all Counsel of Record *via* the Court's ECF system.

                          /s/Terry Rose Saunders
                          One of Plaintiff's Attorneys