**IN THE UNITED SATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WENDY ANDERSON HALPERIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No.   2020 CV 07616 |
| | ) | |
| DRAWN TO DISCOVER, LLC an | ) | Hon. Harry D. Leinenweber |
| Illinois Limited Liability Company, | ) | Mag. Judge Maria Valdez |
| and BRIAN T. GOODMAN, | ) | |
|     Defendants. | ) | |

**DEFENDANT'S RESPONSE AND/OT REPLY TO SUBMISSION OF
EXHIBIT PX 26A**

NOW COMES BRIAN GOODMAN AND DRAWN TO DISCOVER, LLC "(DTD)", who hereby submit their RESPONSE AND/OR REPLY to the Plaintiff's submission of EXHIBIT PX 26A, as follows:

1.    Exhibit PX 26 A essentially supports the arguments and evidence submitted by Defendants in their Response to the Motion for Summary Judgment and their Proposed Statement of Material Facts both filed July 13, 2023 (Docket Entries No. 111 and 112).

2.    The Amador Affidavit of October 15, 2019 does nothing more than

confirm that all of the work on the enhanced videos were developed under the auspices of the four members of DTD: (Brian T. Goodman, Samir Patel, Wendy Halperin, Amador Valenzuela, and David C. Barrett. They were not developed by Halperin solely by Halperin as she claims in her Motion for Summary Judgment and Reply.

3. Indeed, PX 26A confirms that the role of Amador was set forth in Defendant's Proposed Statements of material facts that the videos and other content and intellectual property was developed by DTD and owned by DTD. (docket entry 111, ¶¶40) and Goodman's supporting Declaration (Docket entry 111, Exhibit 1, ¶76; Goodman Dep. 178, lines 12-19; pp. 179, line 11-24; 180 line 1 thru p. 181 line 1; p. 182, line 21 thru p. 183 line 8,p. 199, line 9-21, p. 202, lines 16-22 )

4. The Amador email also confirmed the accuracy of Goodman's declaration that Amador's role in DTD: (i) Amador owned his own production and animation studio and has a full resume of work with movie studios, advertising agencies, and marketing firms across the country; Amador managed and guided the overall editing, built the marketing and brand through animation, logos, sound/music, and other creative and marketing elements; Amador and Goodman purchased studio production quality lights, camera, audio equipment, and built a rig for the equipment to easily record and manage lessons and built the rig and

trained Wendy on how to work all of the equipment and record her work; (iii) Goodman and Amador also recruited a team of freelance editors to be able to finalize the videos more rapidly and have them ready for the website; the team efforts resulted in the DTD's production of the

Following Drawn To Discover (DTD) video courses:

> Pre-School Project Pencil Grip
> Drawn To Connections
> Drawing Cursive
> Drawn To Peace
> Drawn To The Core

(See Df. Proposed Facts ¶¶17, 29-32 (docket entry No. 111); Goodman Decl. ¶¶33-34, DF. Exhibit 1, Docket Entry No 111).

4. Finally, the Amador email supports the Defendants' contention that the Plaintiff's Motion for Summary Judgment addresses the claim that DTD was in negotiations for the sale of its assets to a third party—an issue possibly relevant to Count II of the Plaintiff's complaint (the value of DTD for purposes of its dissolution) and not Count I, the only Count raised in the Motion for Summary Judgment. See (See Df Response to Pl Proposed Facts No. 23, 24, 25, 26, 28, 31, 34, 3536, 37; docket entry No. 112). (See also, Df. Memorandum in opposition to Motion for Summary Judgment, Docket entry 110, pp. 14-15).

5. Indeed, that aspect of the Amador email supports Defendants'

argument that the Motion for Summary judgment seeks a judgment that will be binding as to both Count I and II under the guise of a Motion for partial summary judgment as to Count I only. (See Df. Memorandum in opposition to Motion for Summary Judgment, Docket entry 110, pp. 14-15).

6. Finally, if anything, Exhibit PX 26A, read in a light most favorable to the Defendants, supports Defendants' argument that there are facts in dispute that prevent entry of a partial summary judgment.

**WHEREFORE,** Defendants DRAWN TO DISCOVER, LLC an Illinois Limited Liability Company and BRIAN T. GOODMAN hereby respectfully request this Honorable Court enter and Order DENYING Plaintiff's Motion for Partial Summary Judgment; and provide such further and other relief that this Court deems just.

August 24, 2023                                    Respectfully submitted,

                                                      **DRAWN TO DISCOVER, LLC an Illinois Limited Liability Company, BRIAN T. GOODMAN, Defendants**

                                                      By: _/s/ Herman J. Marino
                                                            Herman J. Marino

HERMAN J. MARINO, LTD., P.C.
Herman J. Marino
ARDC No 1765817
205 North Michigan Avenue, Suite 810
Chicago, Illinois 60601
(312) 347-9990
hjmarino@marinolaw.net
*Attorneys for Defendants*

5