IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY ANDERSON HALPERIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2020 CV 07616 |
| | ) | |
| DRAWN TO DISCOVER, LLC an | ) | Hon. Harry D. Leinenweber |
| Illinois Limited Liability Company, and | ) | |
| BRIAN T. GOODMAN, | ) | |
| | ) | |
| Defendants. | ) | |

### **DEFENDANTS' MOTION TO DISMISS OR REMAND REMAINING CLAIMS FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION.**

Defendants DRAWN TO DISCOVER, LLC a dissolved Illinois Limited Liability Company ("DTD"), and BRIAN T. GOODMAN, by and through their counsel HERMAN J. MARINO and HERMAN J. MARINO LTD., P.C. hereby MOVE that this Honorable Court dismiss or remand to the Illinois Circuit Court all remaining pending matters for lack of federal subject matter jurisdiction pursuant to Rule 12(b)(1), F.R.Civ. Pr. as follows:

### **OVERVIEW**

In granting summary judgment on Count I of the complaint, this Court disposed of the only claim for which there was federal jurisdiction (i.e., declaratory judgment under the U.S. Copyright Act). There is no independent

1

source of federal jurisdiction for the remaining claims. Claim II of the Halperin Complaint seeks declaratory judgment for dissolution under Illinois law of Drawn to Discover, LLC, citing the Declaratory Judgment Act. The Declaratory Judgment Act is not an independent source of federal jurisdiction for state law claims. Further, Count II does not seek monetary damages, and thus provides no basis for the assertion of diversity jurisdiction. Also, Drawn to Discover, LLC was dissolved on March 12, 2021, making the relief sought under Count II moot. Although Count II asserts supplemental jurisdiction 28 SC §1367, Halperin waived this argument in her response filed December 17, 2021 in which she admits there was no supplemental jurisdiction for Count II. (Docket 19, 12/17/21, p. 3).

Further, the 5 Counts in the Defendants' Complaint (originally filed as 2022 CV 2882 and now assigned to this case) also present state claw claims for which there is no independent source of federal jurisdiction, either under the Declaratory Judgment Act or the Supplemental Jurisdiction Act. Finally, Halperin's Count I and the Defendants' Complaint are not part of the same case or controversy that would suggest there is supplemental jurisdiction over the Illinois claims.[1]

---

[1] Some of these jurisdictional issues were also addressed in the Defendants' Motion for Leave to File Counter-Claim and Plaintiff's Response (docket entries No 44 and 49, Case No 2020 CV 07616 and Defendants' Motion for Remand, Response and Reply, docket entries No 14, 20 and 23 in Case No 2022 CV 2882.

2

## BACKGROUND

1. Halperin initially filed this action in the Circuit Court of Cook County (Chancery Division) as H*alperin v. Goodman and Drawn to Discover LLC* as case No 2020 CH 04120. (The initial complaint")

2. On January 14, 2021, Halperin voluntarily dismissed the initial complaint which was refiled as this action designated as case No 2020 CV 07616 (the Initial Federal Action).

3. Defendant Drawn to Discover, LLC is a dissolved Illinois limited liability company that was dissolved on March 12, 2021. (See **Exhibit 1**).

4. The Initial Federal Action had 2 counts: declaratory judgment under the U.S. Copyright Act and Declaratory Judgment Judgement for dissolution of Drawn to Discovery, LLC under the Illinois limited liability company Act.

5. The state law claim (Count II) did not assert an independent source of federal jurisdiction and did not assert any facts that could form the basis of diversity jurisdiction (28 USC §1332). The jurisdiction for Count II was based solely upon supplemental jurisdiction, which is not an independent source of federal jurisdiction under 26 USC §1367.

6. In its answer to the Federal complaint defendants objected to federal jurisdiction in its answer and affirmative defenses (See Answer, docket No 14, answer p. 3 and First Affirmative Defense, Answer pp. 19-20) .

7. On December 30, 2021, the Defendants filed an action in the circuit court of Cook County as G*oodman and Drawn to Discover, LLC, a dissolved limited liability company v. Halperin and Drawing Children into Reading, a purported not-for profit organization*, designated as case No. 21 CH 06450. (the "Drawn Chancery Action")

8. On June 1, 2020, Halperin and Drawing Children into Reading removed the Drawn Chancery action which was redesignated as case No 2022 CV 2882. (the Second Federal Action).

9. On March 28, 2023, Case 2022 CV 2882 was reassigned to the Honorable Judge Leineweber (See 22 CV 2882, docket no. 32).

10. On March 30, 2023, this Court entered its order denying remand (over the objections of Drawn as to federal jurisdiction) and staying all proceedings in 2022 CV 2882. (See 2022 CV 2882, docket 32 and 33.

11. On May 30, 2023, the Court stayed all discovery in the Second Federal

4

Action. (See 2022 CV 2882, Docket No 38)

12. On June 22, 2023, Halperin sought summary judgment on Count I of the Initial federal Action (the declaratory judgment as to the Copyright Act). Halperin did not seek a ruling on Count II (declaratory judgment as to Illinois state claims for dissolution of anow-dissolved limited liability company, Drawn to Discovery LLC). Count II remans pending.

13. On January 30, 2024, this Court entered its order granting summary judgment on Count I of the initial Federal Complaint. )(Docket No 129).

## ARGUMENT

**A. The Declaratory Judgment Act does not provide an independent basis for federal subject matter jurisdiction.**

Based upon the pending pleadings (which have not been amended) Halperin is invoking federal subject matter jurisdiction under either the Declaratory Judgment Act, 28 USC §2201, or supplemental jurisdiction under 28 USC §1367. Marino submits that neither act is an independent basis of federal jurisdiction in this case.

As to the Declaratory Judgment Act. the Seventh Circuit ruled in *Wisconsin v Ho-Chunk Nation,* 512 F.3d at 921, 935 (7th Cir 2008) that "[T]he Declaratory Judgment Act is not an independent source of federal

subject matter jurisdiction," and requires an "independent basis for jurisdiction." *Id* at 935.

The rationale in *Ho-Chunk Nation* was applied in *Kamin v. Travelers Casualty & Surety Co.*, No. 1:13-cv-01593-JMS-TAB, 2014 U.S. Dist. LEXIS 48724, at *2 (S.D. Ind. Apr. 8, 2014)("[T]he Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction," and requires an "independent basis for jurisdiction." Thus, this Court does not have jurisdiction over Travelers' third-party claim simply because Travelers seeks a declaratory judgment.")

Further, the Declaratory Judgment Act cannot be used to confer federal jurisdiction to interpret state law:

> The Declaratory Judgment Act does not operate as an independent grant of jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950). It is procedural only, enlarging the remedies available rather than enlarging federal jurisdiction. *Id.* Thus, plaintiffs' suggestion that subject matter jurisdiction arises solely from §2201 is invalid, and plaintiffs' federal court action is proper only if there is some other basis for subject matter jurisdiction. The complaint suggests no such basis. At least one party on each side is a domiciliary of Wisconsin; thus, no diversity of citizenship exists under 28 U.S.C. § 1332. *See Krueger v. Cartwright,* 996 F.2d 928, 931 (7th Cir. 1993).
>
> Moreover, plaintiffs seek only an interpretation of Wisconsin law, and "**the Declaratory Judgment Act cannot be used to confer federal jurisdiction over a suit for a declaration of rights under state law**." *Ill. ex rel. Barra v. Archer Daniels Midland Co.,* 704 F.2d 935, 941 (7th Cir. 1983). As plaintiffs have suggested no basis for

6

jurisdiction other than 28 USC §2201, and I have discovered none, they have failed to meet their burden and I must therefore dismiss the action.

*Medrano v. Brennan*, 2008 WL 2337261 (ED Wis.)(Hon Lynn Adelman)(emphasis added).

See also, *Publications International, Ltd. v. Leapfrog Enterprises*, 2008 WL 5142286 at *8-9 (N.D. Ill. Hon R. Guzman)("Because the Court has dismissed the only federal claim in this suit, it will not exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c), citing *Nationwide Ins. v. Zavalis,* 52 F.3d 689, 691-92 (7th Cir. 1995) (the Declaratory Judgment Act is not an independent source of subject matter jurisdiction). Thus, unless there is some other basis for jurisdiction, these claims will also be dismissed.")

B.  **The Court also lacks supplemental jurisdiction under 28 USC §1367.**

The criteria for declining to exercise supplemental jurisdiction are set forth in section 1367(c):

> (c) The district courts may decline to exercise supplemental jurisdiction. .. if--
>
>> (1) the claim raises a novel or complex issue of State law,
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>> (3) **the district court has dismissed all claims over which it has original jurisdiction**, or
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

7

28 USC §1367 (emphasis added).

In interpreting §1367, the Seventh Circuit states:

"…subsection (c)(3) expressly authorizes the district judge to dismiss a supplemental claim when the federal claims have dropped out of the case, without his having to consider the criteria in subsections (1), (2), or (4).

*Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007)

In interpreting *Willams Electronics Games, Inc., Moore v. Town of Merrillville*, dealt with facts that are on all fours with the present case:

Plaintiff's state law claims are all that will survive defendants' motion for summary judgment. Principles of comity encourage the court to relinquish supplemental jurisdiction over state law claims when all of the federal claims are disposed of prior to trial. *See Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); 28 U.S.C. § 1367(c)(3). In fact, in this circuit, there is a "presumption" that federal courts will relinquish jurisdiction over supplemental state law claims when the federal claims drop out of the case. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* at 479 (internal citation and quotation marks omitted).

The Seventh Circuit has identified three situations where a district court should retain jurisdiction over a supplemental claim even though all federal claims have dropped out: "where the statute of limitations would bar the refiling of the supplemental claims in state court . . . ; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).

> None of those circumstances are present in this case. This suit was originally filed in state court, and was removed, so the statute of limitations is not an issue. Additionally, the court has not spent substantial resources on the resolution of the state claims.
>
> Finally, it is not obvious how the state law claims should be resolved. Defendants have not moved for summary judgment on the state claims, apparently conceding that genuine issues of material fact preclude the entry of summary judgment on those claims. Therefore, the court will decline to exercise supplemental jurisdiction over plaintiff's state law claims, and this case will be remanded to state court.
>
> *Moore v. Town of Merrillville*, 2023 U.S. Dist. LEXIS 140322, at *18-20

(N.D. Ind. Aug. 11, 2023)

In the present case, there is nothing in this Court's summary judgment ruling that suggests that "substantial federal resources were expended" on Count II of Halperin's complaint or the Defendants' 5-count Complaint. Indeed, this Court stayed Defendants' 5-count Complaint and also stayed discovery in that action. Thus, it cannot be seriously argued that any resources were expended as to the state law claims in Count II or the Defendants' Complaint. As in the *Moore* case, Halperin could have asked for summary judgment on her entire complaint including Count II and on Defendant's Complaint. She did not—apparently conceding that material issues of fact precluded the entry of summary judgment on Count II and the Defendants' Complaint.

In other words, the Court may exercise supplemental jurisdiction over the declaratory judgment claims only if they are "so related to claims in the action

9

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *Ho-Chunk Nation*, <u>Id</u> at 936 (finding supplemental jurisdiction over a declaratory judgment claim). See also, *Healey v. IBEW*, No. 11 C 8892, 2012 U.S. Dist. LEXIS 125204, at *19-20 (N.D. Ill. Sep. 4, 2012).

In the present case, the relief sought in Count II of Halperin's initial Federl Complaint and in the Drawn State law claims (2022 CV 2882) are not so related. Count II of Halperin initial Federal Complaint seeks a declaration dissolving Drawn to Discovery, LLC and authorizing the winding up of the business (See 2020 CV 7616, docket entry No. 1, pp. 6-7). The Drawn Chancery Complaint seeks the following relief:

- Count I of Plaintiff's complaint seeks an order of dissolution of Drawn To Discover LLC under the Illinois limited liability company Act. No monetary damages are alleged.

- Count II of Plaintiff's complaint alleged breach of fiduciary duties.

- Count III of Plaintiff's complaint seeks member remedies under the Illinois limited liability company act.

- Count IV of Plaintiff's complaint seeks injunctive relief.

- Count V presents an alternative claim of promissory estoppel and seeks various forms of equitable relief.

(See 2022 CV 2882, docket entry no 1).

In other words, the Court should decline to exercise supplemental jurisdiction over the Illinois state law claims since they are not "so related to claims in the action over which the Court has granted summary judgment.

**C.   Halperin has already admitted there was no independent federal jurisdiction in the counter-claim that Goodman/DTD sought to file in the prior action, thus eviscerating her reliance of the discovery disclosures in the earlier-filed action.**

Count II of Halperin Complaint admits that there is no independent source of federal jurisdiction and that the only source of jurisdiction is "supplemental jurisdiction and the Declaratory Judgment Act.' (See Halperin Complaint, 2020 CV 7616, Docket No 1, p. 6). Count II seeks as its only relief "a declaration dissolving Drawn to Discovery, LLC and authorizing the winding up of the business under the Illinois Limited Liability Company Act." (See Halperin Complaint p.7, Docket Entry No 1). It does not seek or allege damages and does not assert diversity or federal question jurisdiction.

On December 8, 2021, Drawn to Discover and Goodman filed a motion for leave to file a counter-claim in the 20 C 7616 action. (2022 CV 7616, Docket Entry 44). On December 17, 2021, Halperin filed her response to the motion asserting that Halprin's Count II lacked federal jurisdiction. "Section 1367 does not provide a jurisdictional basis for claims related to Count II in Halperin's Complaint." The passages in her Response follow:

11

>Defendants argue that their counterclaim is a permissive counterclaim and relates solely to Count II of the Complaint—a Count brought pursuant to the Court's supplemental jurisdiction, 28 U.S.C. §1367. Defendants attempt to base federal jurisdiction over their counterclaim on this Court's supplemental jurisdiction. **Section 1367, however, by its terms does not provide a jurisdictional basis for claims relating to Count II of the Complaint**:
>
>>"…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C.§1367 (a)."
>
>If, as Defendants argue, their claims relate solely to Count II -- a claim not within the court's original jurisdiction -- and are permissive, Defendants have no basis for invoking federal jurisdiction.

(See Halperin Response, docket entry no 49, pp. 3-4)(emphasis added)

This a judicial admission that now bars Halperin from reversing field and asserting there now if federal jurisdiction over the either Count II or her Initial Complaint or The Drawn Chancery Action/the Second Federal Action:

>"A judicial admission is a statement by a party that negates a factual claim the party is making. In order to qualify as a judicial admission, the statement must be "deliberate, clear, and unambiguous." Id. A judicial admission is binding on the party making it and "ha[s] the effect of withdrawing a fact from contention." Keller v. United States, 58 F.3d 1194, 1199 (7th Cir. 1995).
>
>A representation in a filing may be related as a judicial admission even if it is not made in the context of a pleading or an affidavit. See United States v. One Heckler-Koch Rifle, 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation in a brief, although "neither in a pleading nor an affidavit," nonetheless "may be treated as a judicial admission").

*Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010).

(See Halperin Response, docket entry no 49, pp. 3-4)(emphasis added).

Thus, Halperin has admitted that there is no basis for either independent federal jurisdiction or supplemental jurisdiction in Count II of her initial Federal Complaint.

**D. Since this Court stayed all proceedings including discovery in the Drawn Chancery Complaint (2022 CV 2882), Halperin has not been prejudiced by a remand of the state claw claims back to the Illinois Circuit Court where they were initially filed.**

On March 30, 2023 and May 30, 2023, this Court stayed all proceedings including discovery in the Drawn Chancery Complaint (2022 CV 2882). Thus, Halperin could not have been prejudiced by a remand of the state claw claims back to the Illinois Circuit Court where they were initially filed.

**E. Since Drawn to Discover LLC was dissolved on March 12, 2021, declaratory judgment seeking dissolution under Illinois law is now moot.**

It appears that Count II of the Halperin Initial Complaint seeks, *inter alia* an order for dissolution of Drawn to Discover LLC, which has been dissolved since March 12, 2021. Declaratory judgment for moot issues is generally unavailable under 28 USC §2201. *Cornucopia Institute v. United States Department of Agriculture*, 560 F.3d 673, 676 (7th Cir. 2009). See also, *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 627-28 (7th Cir. 2007)("Because of these

13

jurisdictional requirements, we have held that declaratory judgment is appropriate only when the court's ruling would have an impact on the parties."); See also, *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001) (holding the plaintiff's claim moot because the declaratory relief requested "would have no impact on the parties to this suit or on the results of the [contested] election").

The party asserting jurisdiction bears the burden of establishing the elements of jurisdiction. *NLFC Inc v. Devcom Mid America, Inc*., 45 F.3d 231, 237 (7th Cir 1995) When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the case. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006).

Based upon the record before the Court, and in the absence of further submissions by Halperin, the state claims (the Drawn Chancery Claims now designated as 2022 CV 2882) and Count II of Halperin's Initial Federal Action, must be dismissed for lack of jurisdiction, without prejudice to a refiling or remand back to the Illinoi Circuit Court of Cook County, Chancery Division.

**WHEREFORE,** Defendant BRIAN T. GOODMAN ('Goodman")(Collectively referred to as "Defendants"), by and through his counsel HERMAN J. MARINO and HERMAN J. MARINO LTD., P.C. who hereby Move that this Honorable Court:

A. Dismiss the remaining claims in this action for lack of subject matter jurisdiction under Rule 12(b)(1), F.R.Civ Pr., and/or

B. Remand the remaining claims to the Illinois Circuit Court of Cook County, Chancery Division; and,

C. Provide for such other and further relief as this Court in equity deems just.

Dated: March 26, 2024.

                                          Respectfully submitted,

**DRAWN TO DISCOVER, LLC an Illinois Limited Liability Company ("DTD"), and BRIAN T. GOODMAN, Defendants**
/s/ Herman J. Marino
                Herman J. Marino

Herman J. Marino
205 North Michigan Avenue, Suite 810
Chicago, IL 60601
Tel: 847-226-9458
hjmarino@harinolaw.net
Attorney for Defendants
hjmarino@marinolaw.net