IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY ANDERSON HALPERIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2020 CV 07616 |
| | ) | |
| DRAWN TO DISCOVER, LLC, an | ) | Hon. Harry D. Leinenweber |
| Illinois Limited Liability Company, and | ) | |
| BRIAN T. GOODMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| DRAWN TO DISCOVER, LLC, an Illinois | ) | |
| Limited Liability Company, and | ) | |
| BRIAN T. GOODMAN, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.1:22-cv-02882 |
| | ) | |
| WENDY ANDERSON HALPERIN, an | ) | Hon. Harry D. Leinenweber |
| individual; and DRAWING CHILDREN INTO | ) | |
| READING, a purported not for profit | ) | |
| corporation organized in the state of Michigan, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ON COUNT II OF PLAINTIFF'S COMPLAINT (THE "LEAD CASE")
AND DEFENDANTS' AMENDED COMPLAINT (THE "RELATED CASE")**

## INTRODUCTION

On January 30, 2024, this Court granted Plaintiff's motion for summary judgment on Count I of her complaint seeking a declaration that she is the sole owner of the copyright on the video lessons she refilmed for DTD. By granting Plaintiff's motion, the Court determined that Plaintiff was the sole owner of the "works", that is the educational videos that she refilmed for DTD. Dkt. # 129. The Court also recognized that the Operating Agreement—the only document

relating to governance of DTD and the rights of the parties that the parties signed—made no reference to the Video Lessons. *Id.*

The Parties agree that an order for dissolution of DTD is required, and both the Lead Case and Related Case seek an order for dissolution. This Court has supplemental and original diversity jurisdiction over Count II of Plaintiff's Complaint and should grant summary judgment for Plaintiff on this remaining Count.

The Court's ruling on Count I bars the claims that Defendants have brought in the action that they filed in state court and which Plaintiff removed to this Court under the Court's diversity jurisdiction (the "Related Case"). The Related Case seeks relief that is inconsistent with this Court's Memorandum Opinion and Order determining that Plaintiff is the sole owner of the works; its allegations of misconduct are predicated on the claim that DTD owned the videos. They are, therefore, precluded by this Court's grant of summary judgment. Because there is no genuine issue that the claims in the Related Case are barred by issue preclusion, this Court should enter summary judgment in Plaintiff's favor on the Related Case.

**I. COUNT II OF THE LEAD CASE AND THE RELATED CASE SHOULD REMAIN BEFORE THIS COURT.**

**A. The Court Should Retain Jurisdiction over Count II of the Lead Case**

Count II of the Lead Case was brought pursuant to this Court's Supplemental Jurisdiction, 28 U.S,C. §1367, because the state law claim for dissolution is so related to the federal copyright claim in Count I that it is part of the same case and controversy. Defendants have not disputed that the Court had supplemental jurisdiction over Count II. To the contrary, they initially sought leave to file a counterclaim for injunctive relief and damages in the Lead Case relating to Count II. Dkt. # 44; Fact No. 4.[1]

---

[1] "Fact No. __" refers to the paragraph in Plaintiff's Rule 56.1 Statement of Material Facts.

2

This Court's grant of summary judgment on the federal law claim in Count I does not deprive it of jurisdiction over the remaining state law claim. Section1367 (c) provides that the district court "may" decline to exercise supplemental jurisdiction if the district court "has dismissed all claims over which it has original jurisdiction." §1367 (c)(3).[2] That condition recognizes the Court's discretion to retain jurisdiction over the state law claims. As the Supreme Court has counseled, a district court, in considering the factors set forth in §1367 (c), " 'should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.' " *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 173 (1997) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350(1988); *Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 608-09 (7th Cir. 2008);see also *Baghdady v. Robbins Futures, Inc.*, 1999 WL 162789 (N.D. Ill Mar. 12, 1999).

In this case, considering that (1) Halperin and Goodman both seek an order of dissolution and agree that dissolution of DTD is appropriate; (2) this Court has ruled on ownership of the educational videos, which was the issue preventing agreement on terms of dissolution and the Related Case seeks an order inconsistent with this Court's judgment;[3] (3) the state law claims in Count II do not require factual development or involve complex issues of state law; (4) the parties and the Court have expended substantial judicial resources, and the parties have

---

[2] The other conditions for declining jurisdiction, namely a novel or complex issue of state law, predominance of the state law claim, or in exceptional circumstances there are other compelling reasons, clearly are not present here.

[3] Count I of the Related Case seeks a Judgment for Dissolution, including a declaration that the videos and their content are the property of DTD. Dkt #1-1

conducted extensive discovery; and that (5) Goodman has allowed DTD to be administratively dissolved, it defies common sense to dismiss the dissolution count so that it can be litigated in state court. See *Hansen, supra,* 551 F.3d at 608-09.

An independent reason for this Court to retain jurisdiction over Count II is that the Court also has original jurisdiction under 28 U.S.C. § 1332 (a). Neither Plaintiff's Complaint nor Defendants' Answer and Affirmative Defenses sought damages. When Goodman sought leave to file a counterclaim in the Lead Case, he sought damages and stated that the counterclaim related to the claim for dissolution in Count II only. Dkt. # 44, Page 3; Fact No. 4. Defendants' disclosures and discovery in the Lead Case have established that these claims for damages in the Lead Case satisfy the amount in controversy requirement, (Fact No. 7) and this Court has noted that the parties do not dispute that the amount in controversy requirement is satisfied in the Lead Case. Dkt. # 34, Page 3; Fact No. 11. Thus, all the requirements for diversity jurisdiction are satisfied with respect to the remaining state law claim. The Court therefore has original jurisdiction over Count II.

Moreover, the Court has not dismissed all other claims over which it has original jurisdiction. The Related Case remains before the Court on diversity grounds. Goodman has claimed, and this Court has found, that Goodman's claims against Halperin and DCIR in the Related Case "grew out of the same transaction or occurrence" as the claims in the Lead Case, Dkt. # 34, Page 2; Fact No. 8, and has denied Goodman's motion to remand the Related Case to state court. *Id.*; Fact No. 11. Judicial efficiency would not be served by severing the tail end of the Lead Case to seek a remedy in state court when the Court has jurisdiction over both Count II of the Lead Case and the Related Case.

4

### B. The Court Should Exercise its Diversity Jurisdiction Over the Related Case

The Court has once rejected Goodman's motion to remand the Related Case, concluding that the amount in controversy requirement had been satisfied and the Court had diversity jurisdiction over the Related Case. Dkt. # 34, Pages 3-4; Fact No. 11. Goodman has not produced any evidence that would alter that ruling.

In denying Goodman's motion to remand, the Court concluded that remanding the Related Case "creates the risk of inconsistent judgments." Dkt. # 34, Page 5; Fact No.11. That risk remains. As discussed in greater detail below, the Related Case is predicated on Goodman's claim that the educational videos and their content are the property of DTD and seeks to have the state court adjudicate that issue *de novo*. Dkt. # 1-1, Page 12. The Court has rejected that claim by granting Halperin's motion for summary judgment in the Lead Case and finding that Halperin is the sole owner of the videos.

### II. THE COURT SHOULD ENTER SUMMARY JUDGMENT FOR HALPERIN ON COUNT II OF THE LEAD CASE AND THE RELATED CASE

#### A. Standard for Summary Judgment

Summary judgment for Halperin is proper under the legal standard this Court set out in its Memorandum Opinion and Order granting Plaintiff's Motion for Summary Judgment on Count I. Dkt. #: 129:

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson*

5

*v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The Court must draw every reasonable inference from the record in the light most favorable to the non-moving party. *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 497 (7th Cir. 1999). The non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. The production of only a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Anderson*, 477 U.S. at 252.

**B. Halperin is Entitled to Summary Judgment on Count II of Her Complaint**

There is no genuine issue of material fact that DTD should be dissolved, and a Court order dissolving DTD is appropriate. Both Halperin and Goodman have filed lawsuits seeking a court order of dissolution. Lead Case, Dkt # 1; Related Case, Dkt. # 1-1.

The issue preventing agreement of the parties on terms of dissolution was ownership of the educational videos that Halperin refilmed for DTD and that the parties agree were the primary asset of DTD. Dkt. # 1-1, Page 2, ¶ 6.[4] This Court has granted Halperin's motion for summary judgment on Count I, holding that Halperin is the sole owner of the refilmed videos. Dkt. #: 129. Consequently, there is no issue of material fact in dispute or that would require a trial on Count II. The Court should grant Halperin's motion for summary judgment on Count II.

---

[4] The remaining members of DTD entered into a settlement agreement and release with Halperin in which they agreed to be bound by a court ruling with respect to dissolution. Fact No. 17.

### C. This Court Should Grant Summary Judgment for Halperin on all Counts of the Related Case.

After The Court denied their motion for leave to file their counterclaim in the Lead Case, Goodman and DTD filed a complaint in state court seeking dissolution and related monetary and injunctive relief against Halperin and DCIR. Halperin removed the state court case to federal court (the "Related Case"). Every Count of the five-count complaint in the Related Case is predicated on Goodman's claim that DTD owns the educational videos that Halperin refilmed. Every Count is barred under the doctrine of issue preclusion by this Court's order granting Halperin's motion for summary judgment on Count I of the Complaint in the Lead Case and declaring that Halperin is the sole owner of the educational videos.

Issue preclusion, or collateral estoppel "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.' even if the issue recurs in the context of a different claim" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2009) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). The party raising issue preclusion must establish that (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Industrial Opportunity Partners v. Kendrion FAS Controls*, 2015 Westlaw 196339 *4 (N.D. Ill. January 14, 2015), citing *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014); see also *Jones v. City of Alton*, 757

7

F.2d 878, 879, n1, 885 (7th Cir. 1985); *Ellis v. Board of Jewish Educ.*, 722 F.Supp.2d 1006, 1010 (N.D. Ill. 2010)[5]

In granting summary judgment on Count I of Plaintiff's Complaint, the Court decided the same issue that Plaintiff seeks to preclude, namely, that Plaintiff is the sole owner of the educational videos that she refilmed for DTD's use. In the Related Case, Goodman and DTD claim ownership of these videos and rely on this ownership as the predicate of their claims against Halperin. For example,

- In the "Allegations incorporated by reference in all Counts", Goodman alleges that:

   (a) Goodman and DTD seek immediate injunctive relief to prevent Halperin and DCIR from engaging in conduct adversely impacting the Company's ability to market and exploit its marketing rights under certain videos developed and owned by it which are its primary assets … [and] also bring this action to protect their "ownership interest" (¶ 6, ¶ 7)

   (b) At all times, the parties "understood that DTD was to be a joint author…or intend (sic) that any assistance provided by them would transform the videos she had authored into a 'joint work'" (¶ 17)

   (c) "All of this was done in support of and as part of the agreement between DTD and Halperin and these enhanced videos thus became the property of DTD." (¶ 27);

- In Count I for an Order for Dissolution, Goodman claims that the Court "has the power to declare and adjudicate the rights and liabilities of the parties to the DTD videos"

---

[5] In diversity cases, the court incorporates the rules of preclusion applied by the state in which the "rendering court sits." *Cannon v. Armstrong Containers, Inc.*, 92 F.4th 688, 706 (7th Cir. 2024).

and seeks a declaration that "the Videos and all their content" are the property of DTD (Page 12);

- In Count II for Breach of Fiduciary Duty, Goodman alleges that Halperin acted wrongfully by failing and refusing to permit and provide for the marketing of the DTD Videos developed by DTD and misappropriating business opportunities of DTD for her personal benefit (Page 13) and seeks to have the Court impose a constructive trust on all business activities "conducted under the name of Halperin", specifically including, among other things, "all videos that Halperin claim (sic) to have any interest"; award restitution and disgorgement of all illicit profits from the "wrongful sale or lease of DTD videos";[6]

- In Count III, for deadlock and oppression, after incorporating all the general allegations, Goodman, a managing member of DTD, claims that Halperin has been acting in a manner oppressive towards him and, among other things, seeks an accounting from Halperin and damages (Pages 15-16);

- In Count IV, Goodman seeks to enjoin Halperin from, among other things, misappropriating the assets of DTD, and to protect DTD's and Goodman's "ownership interests" and seeks a mandatory injunction requiring Halperin to report to the U.S. Copyright Office the "actual ownership of the enhanced video lessons described above" Pages 17-18); and

- In Count V, an alternative claim for Promissory Estoppel, Goodman seeks to bar Halperin "from seeking to obtain copyrights on the enhanced videos as alleged above,"

---

[6] Count II claims misconduct under DTD's Operating Agreement. As this Court found, the Operating Agreement made no reference to the videos that Halperin created or the ownership or copyright to the videos. Fact No. 14.

9

based on Halperin's promises and assurances to Goodman and DTD that "DTD was the owner of the enhanced video lessons." (Page 19).

The claims in the Related Case are premised on DTD's ownership of the educational videos. The Court has ruled that Defendants were not owners of the video lessons. Defendants have raised different theories than were before the Court on Count I of Plaintiff's Complaint, but Defendants' claims against Plaintiff depend on a finding that Defendants owned the videos. The Court has decided that issue in Plaintiff's favor.

## CONCLUSION

For the reasons set forth above, this Court should grant Plaintiff's motion for summary judgment on Count II of the Lead Case and the Related Case.

Respectfully submitted,

/s/ Terry Rose Saunders
Terry Rose Saunders
The Saunders Law Firm
120 North LaSalle Street
Chicago, IL 60602
(312) 444-9656
tsaunders@saunders-lawfirm.com

/s/ Patrick D. Lamb
Patrick D. Lamb
Plunkett Cooney PC
221 North LaSalle Street
Suite 35g00
Chicago, Illinois 60601
312-670-6900
plamb@plunkettcooney.com
*Attorneys for Plaintiff*

Date: March 26, 2024