IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY ANDERSON HALPERIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2020 CV 07616 |
| | ) | |
| DRAWN TO DISCOVER, LLC, an | ) | Hon. Harry D. Leinenweber |
| Illinois Limited Liability Company, and | ) | |
| BRIAN T. GOODMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| DRAWN TO DISCOVER, LLC, an Illinois | ) | |
| Limited Liability Company, and | ) | |
| BRIAN T. GOODMAN, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.1:22-cv-02882 |
| | ) | |
| WENDY ANDERSON HALPERIN, an | ) | Hon. Harry D. Leinenweber |
| individual; and DRAWING CHILDREN INTO | ) | |
| READING, a purported not for profit | ) | |
| corporation organized in the state of Michigan, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

1. Plaintiff Wendy Anderson Halperin ("Plaintiff" or "Halperin") brought a two-count complaint, *Halperin v. Drawn to Discover et al.*, Case No. 2020 CV 7616 ("the Lead Case") seeking a declaratory judgment that (1) she was the sole owner of the copyright to videos that she had created for Defendant Drawn to Discover's website; and that (2) because the parties could not agree on terms of dissolution, the Court declare DTD dissolved. Dkt. # 1.

2. Count I invoked the Court's federal question jurisdiction under the U.S. Copyright Act . 17 U.S.C § *1 et seq.* Count II was brought pursuant to the Court's supplemental

jurisdiction, 28 U.S.C. § 1367 (a), which extends federal jurisdiction to claims so related to the original jurisdiction claims that "they form part of the same case or controversy."

3. Neither Plaintiff's Complaint nor Defendants' Answer and Affirmative Defenses sought damages. Lead Case. Dkt. # 1 and # 14.

4. On August 10, 2021, the Court extended the deadline for fact discovery to December 31, 2021. Dkt. # 25. On December 8, 2021, Defendants sought leave to file a counterclaim seeking injunctive relief and damages. Count I of the Counterclaim was for an Order of Dissolution. Dkt. # 44. In their motion, Defendants stated that the Counterclaim related to Count II of Plaintiff's complaint. *Id.* at 3. The Court denied Defendants' motion as untimely. Dkt. # 50.

5. After the Court denied their motion for leave to file a counterclaim in the Lead Case, Defendants filed a complaint-- with similar allegations and seeking similar relief as they had sought in their counterclaim--in state court against Halperin and her not-for-profit, Drawing Children into Reading ("DCIR") *Drawn to Discover et al. v. Wendy Anderson Halperin et al.*, Case No. 22-cv-2882. ( "Related Case"). Dkt. # 1-1.

6. The Related Case seeks to have the court "declare and adjudicate the rights and liabilities of the parties to the DTD videos under the terms and provisions of the DTD Operating Agreement" and seeks an order that DTD be dissolved, that Halperin be enjoined from "engaging in conduct adversely impacting the Company's ability to market and exploit its marketing rights under certain videos developed and owned by it which are its primary assets," that the Court declare the videos and their content to be the property of DTD, and that the Court award compensatory and punitive damages and attorney's fees to Goodman and DTD. Related Case, Dkt. #: 1-1, Pages - 7, 12 17, # 19 -20, 21 and 23.

7. Halperin removed the state court complaint to federal court under the Court's diversity jurisdiction,28 U.S.C. § 1332 (a), because discovery in the Lead Case disclosed that Goodman sought damages from Halperin in excess of $75,000. Related Case". Dkt. #1-3, Page 3; **PX 1.**

8. Goodman moved to have the removed case reassigned to this Court as a related case because "it was undisputed" that the removed case and the Lead Case "involve the same issues and arise out of the same transaction or occurrence" and " involve the same property (the assets of DTD)"; and "the issues of law and fact are common." Lead Case, Dkt. # 77, Page 4.

9. The Court granted Goodman's motion to reassign because "the cases grew out of the same transaction or occurrence, and the cases are susceptible of disposition in a single proceeding." Lead Case, Dkt.: # 96; Related Case, Dkt: #: 34, Page 2.

10. Goodman also moved to remand the removed case to state court. Related Case, Dkt. # 14.

11. After the Related Case was reassigned to this Court, this Court denied Goodman's motion to remand, finding that the "parties do not dispute that the original case meets the amount in controversy requirement….and Goodman has admitted that the current case is larger than the original case." This Court also stated that "remanding the Related Case creates the risk of inconsistent judgments." Dkt. # 34.Pages 3- 5. At the same time, the Court granted Halperin's motion to stay the Related Case. *Id*. at Pages 6-7.

12. After discovery closed in the Lead Case, Halperin moved for summary judgment on Count I of the complaint, seeking a declaration that she alone owns the copyright to videos she refilmed for DTD. DKT. #: 106.

13. On January 30, 2024, the Court granted Plaintiff's motion for summary judgment, on Halperin's claim that "she alone holds the copyright to the videos she *refilmed* for DTD." Dkt. #: 129. The Court assessed whether the videos constitute "joint works" and concluded that there was "no evidence that Halperin and Defendants intended to be joint authors" of the video lessons and that Defendants failed to make any copyrightable contributions to the video lessons. *Id*. at 6-7.

14. The Operating Agreement, that Goodman prepared for an Illinois LLC, made no reference to the videos that Halperin created or the ownership or copyrights to the videos. This signed Agreement was the only document relating to the governance of the company and the respective rights of the parties/members that Halperin, Goodman and Patel signed. The Operating Agreement was amended several times, to add additional partners/members, but none of these changes or Amendments refer to the videos or the copyrights or any assignment by Halperin of any of her Intellectual Property Rights. **PX 2.**

15. In its Memorandum and Order granting Plaintiff's Motion for Summary Judgment on Count I of the complaint ("Summary Judgment Order"), this Court found that the Operating Agreement that Goodman prepared "was the only document relating to the governance of the company and the respective rights of the parties that Halperin, Goodman and Patel signed. The Agreement made no reference to the Video Lessons that Halperin created and refilmed for DTD's use or ownership of the copyrights to the video lessons." Dkt. # 129, Page 3.

16. After meeting with Halperin in the summer of 2016 and seeing the video lessons and her program, Goodman wrote to Halperin asking whether she "would…ever consider licensing the program and turn it into an online individual subscription service." Dkt. # 108, p. 2. As stated in this Court's Summary Judgment Order, Goodman has confirmed that his initial

4

intent was to license Halperin's program and turn it into an online individual subscription service. Dkt. #: 129, p.7. In 2019, Halperin sent Goodman and other DTD members a proposed license agreement that she had had drafted. Dkt. # 108, p 5. No license agreement was signed.

17. The three other Members of DTD as of the date of the filing of this Complaint, Samir Patel, Amador Valenzuela and David C. Barrett, entered into a Settlement Agreement and Release with Plaintiff in consideration for being dismissed from the Declaratory Judgment suit for dissolution of DTD filed in the Circuit Court of Cook County and, as part of that Settlement, agreed to be bound by a Court ruling with respect to DTD's dissolution. **PX 3**.

18. In their Joint Status Report filed on February 15, 2024, Halperin stated that she intended to file dispositive motions with respect to Count II of the Lead Case and the Related Case. Dkt. #:130 at 2.

19. In the Joint Status Report, Goodman stated that he intended to move to have Count II of the complaint in the Lead Case dismissed for lack of subject matter jurisdiction and the Related Case remanded to state court for lack of jurisdiction. If these motions fail, Goodman stated that he will seek discovery on Count II and the Related Case and once discovery is closed will move for summary judgment on both. *Id*.at 2-3.

20. The deadline for fact discovery in the Lead Case was December 31, 2021. On February 4, 2021, the parties jointly advised the Court that, except for the depositions of the Plaintiff and Defendant Goodman, and the production of certain documents requested before December 31, 2021, fact discovery was completed. Dkt. # 60. In compliance with the Court's order, the Parties' depositions were completed by March 4, 2021. Dkt. # 61.

5

Respectfully submitted,

/s/     Terry Rose Saunders
Terry Rose Saunders
The Saunders Law Firm
120 North LaSalle Street
Chicago, IL 60602
(312) 444-9656
tsaunders@saunders-lawfirm.com

/s/     Patrick D. Lamb
Patrick D. Lamb
Plunkett Cooney PC
221 North LaSalle Street
Suite 3500
Chicago, Illinois 60601
312-670-6900
plamb@plunkettcooney.com
*Attorneys for Plaintiff*

Date:  March 26, 2024