IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY ANDERSON HALPERIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2020 CV 07616 |
| | ) | |
| DRAWN TO DISCOVER, LLC, an Illinois Limited Liability Company, and BRIAN T. GOODMAN, | ) ) ) ) | Hon. Harry D. Leinenweber |
| Defendants. | ) | |
| DRAWN TO DISCOVER, LLC, an Illinois Limited Liability Company, and BRIAN T. GOODMAN, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.1:22-cv-02882 |
| WENDY ANDERSON HALPERIN, an individual; and DRAWING CHILDREN INTO READING, a purported not for profit corporation organized in the state of Michigan, | ) ) ) ) ) | Hon. Harry D. Leinenweber |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

Pursuant to this Court's Orders of January 30, 2024 (Dkt. # 128) and April 3, 2024 (Dkt. # 137), Plaintiff Wendy Anderson Halperin ("Halperin"), by her attorneys, moves this Court for entry of judgment on her Complaint in *Halperin v. Drawn to Discover, LLC., et al.,* Case No. 2020-cv-7616 (the "Lead Case"), and the Complaint in the related case *Drawn to Discover, LLC et al. v. Halperin et al.,* Case No. 22-cv-2882 (the "Related Case"). In support of this motion, Plaintiff states as follows:

1. Plaintiff Wendy Anderson Halperin ("Plaintiff" or "Halperin") brought a two-count complaint, *Halperin v. Drawn to Discover et al*., Case No. 2020 CV 7616 ("the Lead Case") seeking a declaratory judgment that (1) she was the sole owner of the copyright to videos that she had created for Defendant Drawn to Discover's website; and that (2) because the parties could not agree on terms of dissolution, the Court declare DTD dissolved. (Dkt. # 1).

2. Count I invoked the Court's federal question jurisdiction under the U.S. Copyright Act . 17 U.S.C § *1 et seq.* Count II was brought pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367 (a), which extends federal jurisdiction to claims so related to the original jurisdiction claims that "they form part of the same case or controversy."

3. On January 30, 2024, the Court granted Plaintiff's motion for summary judgment, on Halperin's claim that "she alone holds the copyright to the videos she *refilmed* for DTD, concluding that there was "no evidence that Halperin and Defendants intended to be joint authors" of the video lessons and that Defendants failed to make any copyrightable contributions to the video lessons. (Dkt # 129, at 6-7).

4. In its Minute Order granting Plaintiff's motion for summary judgment on Count I, entered on January 30, 2024 (Dkt. # 128), the Court ordered the Parties to file a joint status report by February 15, 2024.

5. In their Joint Status Report, Halperin stated that she intended to file dispositive motions with respect both to Count II of the Lead Case and the complaint in the Related Case. (Dkt. # 130 at 2); Defendant Goodman stated that he intended to move to have Count II of the complaint in the Lead Case dismissed for lack of subject matter jurisdiction and the Related Case, which Defendants filed in state court and Plaintiff removed to federal court, remanded to

state court for lack of jurisdiction.[1] If these motions failed, Goodman stated that he would seek discovery on Count II and the Related Case and then move for summary judgment on both. *Id.*at 2-3.

6. In its Minute Order of February 21, 2024, the Court ordered the Parties to file any dispositive motions by March 26, 2024 and set a telephone conference for further scheduling for April 3, 2024.. (Dkt. # 131).

7. On March 26, 2024, Plaintiff filed a Motion for Summary Judgment on Count II of her Complaint in the Lead Case and for Summary Judgment in her favor in the Related Case supported by a Memorandum of Law and a Local Rule 56.1 Statement of Material Facts. (Dkt. # # 133-35). Defendants filed a Motion to Dismiss or Remand Remaining Claims for Lack of Federal Subject Matter Jurisdiction, seeking dismissal of Count II of the Lead Case and remand to state court of the Related Case. (Dkt. # 132).

8. The Court held a telephone hearing on April 3, 2024. Plaintiff's Counsel appeared. Neither Defendants nor Defendants' Counsel appeared. On April 3, 2024, the Court entered a Minute Order denying Defendants' Motion to dismiss for lack of subject matter jurisdiction and setting a telephone conference/rule to show cause "why this case should not be dismissed" for April 17, 2024. (Dkt. # 137). The telephone conference was subsequently reset for May 2, 2024 (Dkt. # 138) and is currently set for May 7, 2024 (Dkt. # 139).

9. Currently pending before this Court are (a) Count II of Plaintiff's Complaint in the Lead Case and Defendants' five -count Complaint in the Related Case; (b) Plaintiff's Motion

---

[1] Defendants moved to have their removed case reassigned to this Court as a related case and this Court granted that motion on April 30, 2023. (Related Case, Dkt. # 96; Dkt # 34 at 2 (Cases grow out of the same transaction or occurrence and are susceptible of disposition in single proceeding.)

3

for Summary Judgment in her favor on Count II of the Lead Case and in the complaint in the Related Case; and (c) Defendants' Motion for Remand of the Related Case to state court.

10. Count II of the complaint in the Lead Case and Count I of the complaint in the Related Case both seek an order of dissolution. There is no genuine issue of material fact that DTD should be dissolved and that a court order of dissolution is appropriate. [2] This Court has denied Defendants' motion to dismiss Count II for lack of subject matter jurisdiction, has jurisdiction over Count II and should grant summary judgment on Count II of Plaintiff's Complaint and enter judgment for Plaintiff in this case.

11. Defendants' Motion for remand of the Related Case should be denied. This Court has already denied Defendants' previous motion to remand the Related Case based on evidence that the jurisdictional amount required for diversity jurisdiction was satisfied. (Related Case Dkt. # 34 at 3-4).

12. This Court should grant Plaintiff's motion for summary judgment on all counts of Defendants' complaint in the Related Case and dismiss the complaint in the Related Case because the complaint is barred by issue preclusion. See Plaintiff's Memorandum in Support of Motion for Summary Judgment. (Dkt. # 134 at 7-10):

> Every Count of the five-count complaint in the Related Case is predicated on Goodman's claim that DTD owns the educational videos that Halperin refilmed. Every Count is barred under the doctrine of issue preclusion by this Court's order granting Halperin's motion for summary judgment on Count I of the Complaint in the Lead Case and declaring that Halperin is the sole owner of the educational videos. *Id.* at 7.

---

[2] Defendants argue that Plaintiff's claim for dissolution is moot because Drawn to Discover ("DTD") has been dissolved. (Dkt. # 132 at 13). DTD has been administratively dissolved, but the corporation can be reinstated if all fees due are paid within six years of this dissolution. (EXHIBIT 1) Nor has Goodman dismissed or withdrawn his claim for a court order of dissolution.

For the reasons set forth above, Plaintiff requests that this Court enter an order:

a. Granting Plaintiff's Motion for Summary Judgment on Count II of the Lead Case;

b. Granting Plaintiff's Motion for Summary Judgment in the Related Case; and

c. Dismissing the Complaint in the Related Case with prejudice.

Plaintiff further requests that this Court enter judgment for Plaintiff in the Lead Case and the Related Case.

Respectfully submitted,

/s/    Terry Rose Saunders
Terry Rose Saunders
The Saunders Law Firm
120 North LaSalle Street
Chicago, IL 60602
(312) 444-9656
tsaunders@saunders-lawfirm.com

/s/    Patrick D. Lamb
Patrick D. Lamb
Plunkett Cooney PC
221 North LaSalle Street
Suite 3500
Chicago, Illinois 60601
312-670-6900
plamb@plunkettcooney.com
*Attorneys for Plaintiff*

Date:  May 2, 2024